23-7-9-7-5. Thank you, Patrick. Good afternoon, Your Honors, and may it please the Court. My name is Jeremy Gutman. I represent Appellant Samuel Coleman. The issue I want to discuss this afternoon is the Court's imposition of what the Northern District of New York refers to as Standard Condition 15, and I say the Northern District refers to it as that because the Sentencing Commission does not have a Standard Condition 15. Before I address that, I want to speak about the standard of review. The government has suggested that this should be reviewed for plain error. However, we believe under United States v. Washington, the review should be de novo because there was no prior notice of this particular condition. If it's a standing order, is that prior notice or constructive notice, at least? No, there's no reason the defendant would have been familiar with the standard. Well, counsel should know, and does counsel have an obligation to discuss it with the defendant? If it's in the standing order, you know that's going to come down. I think what the case law from this Court, and I'm thinking of Washington and also more recently Rosado, is where the notice comes in the form of it's in the pre-sentence report, which the attorney is required to discuss with his client, which you know without any question has been reviewed by the defendant. I don't think that's the case, and perhaps I'm not disagreeing that it would be a best practice, but I don't think it falls into the same category, and I think in the context of sentencing and in the context of that fairly clear statement in Washington and Rosado, this was not prior notice in the same way. So I don't think the absence of an objection should lead to a higher standard of review. I think even if it were being reviewed for plain error, I think it would satisfy that. So I guess I'll get to the substance of the argument, which is that this, the condition is a very broad warrantless search condition that extends even to computers and electronic devices. And over many years, this Court's made clear that there are very specific requirements for imposition of conditions of supervised release. In this case, almost all of those requirements from the case law as well as the statute and the guidelines were ignored and were not fulfilled. First of all, and maybe most important, there was no oral pronouncement of this condition during the actual sentencing. And as the cases make clear, that violates a defendant's right to be present. In addition, there was no individual assessment of why this condition satisfies or is needed to address sentencing purposes in this particular case. There was also no consideration of whether a lesser deprivation of the defendant's liberty could accomplish the same thing. I suppose the government's arguing that you don't need an individualized determination because, like the other conditions that actually are described as standard conditions in the sentencing guidelines, we've said certain conditions are intrinsic to the concept of supervision itself and need not be further pronounced or explained. Why can't the Northern District conclude that this is such a condition? Well, two things. First of all, when the court has referred to conditions that are intrinsic to the concept of supervised release, that are foreseeable and so basic that they're just telling you how to administer it, that doesn't fit this condition. This was a search, again, a warrantless search on reasonable suspicion that could be conducted by the probation officer or law enforcement, and it extended to electronic devices and computers and things like that. Just last month, Judge Chin was on the panel that heard the United States v. Morris show, recognizing that such a search, and particularly where it includes the right to search personal computers and other things like that, involves a significant liberty interest and there has to be an explanation addressing an individual assessment of why that's appropriate and why it's no greater deprivation than is necessary for the purpose it's intended to serve. The fact that the Northern District imposed this requirement, the government argues that nothing said they couldn't do that, that they couldn't expand the list. I strongly disagree with that. The sentencing guidelines set out what is supposed to be a standard nationwide standard, the statute and the guidelines, and the structure of the guidelines makes it clear that there are, they set up standard conditions and there are also discretionary conditions, and for the discretionary conditions, there are very specific requirements, prerequisites, before those can be imposed. It completely upsets the idea of a national standard, and if, with the stroke of a pen, judges in one district can say, we're not bound by that, we don't have to follow, we don't have to make an assessment. It is a very common condition that you see all the time, the search condition. Well, it's certainly not one you see in each and every case throughout this circuit. Well, maybe not every case, but it's in a lot of cases. We had the issue this morning, it's in state court, it's a box in the state court system that gets checked off. In other words, it's a condition that is very common. To the extent that that's true, I mean, it's certainly more than common in the northern district. In my experience, it is not something that applies in every case in the southern district or the eastern district. Well, I think we have in our court half a dozen cases raising this very issue coming out of the northern district. And I think I'm... Any reason why we shouldn't wait on this case to see what happens in the other cases? I leave that to the court. I don't know any reason why it's necessary, but I wouldn't argue with the idea that you might want to consider. I am aware that there are other cases, and I believe there's some that are going to be argued in January. If we rule in your favor, would the remedy be to strike the condition and be done, or would the remedy be to strike the condition and send it back to give the district court the opportunity to conduct an individualized analysis to decide whether to impose the condition in this case? Well, in the Rosado case from a little earlier this year, the court discussed this issue and said that the typical remedy for a failure to pronounce a condition in open court during the sentencing, the typical remedy is to vacate and remand with instructions to strike. So that is what we're asking for. The government has suggested... You wouldn't be satisfied with sending it down for the court to decide whether to give a further explanation. You just want it out completely. Again, I'm... Based on the court's own discussion, where I think the court addresses the fact that this may seem a little formalistic, and it discusses in Rosado the reasons why the right to be present at sentencing is important enough that that remedy is called for. And I don't know any reason that the government's given particularly why that remedy, why that typical remedy shouldn't be followed here. I think at a minimum that it would have to be vacated and the judge would have to follow the mandates. Right. So at the end of the day, the framework you're using to challenge this sort of district-wide condition is a failure to pronounce framework rather than a... This is an unlawful condition under the circumstances. We should just strike it. It's all of the above. Okay. Thank you. Thank you. We'll hear from you again, and Mr. Rothenberg. Good afternoon, and may it please the court. Joshua Rothenberg for the government. The standard overview here is plain error. General Order 23 was noticed, and then the district court said at sentencing that it was imposing the standard conditions. Rosado is different because in Rosado the district court did not mention that it was imposing the challenged conditions. The defense has not argued that it can meet all four prongs of plain error. So it's funny. I remember in law school in civil procedure our professor said, you're going to go to your first deposition and someone's going to say standard stipulations, and people nod, and then you have litigation about, well, what are the standard agreements in this particular community? When the court says standard conditions, doesn't that... Wouldn't you imagine that that would mean the bundle of conditions that are described as standard in the sentencing guidelines? Not in the Northern District, Your Honor. General Order 23 had been in place for seven years when the sentencing happened. Attorneys in the Northern District understand that General Order 23 set out what the standard conditions are, and it was very clear that that's what it was doing, General Order 23. Now, what that means is... When was that issued? When was General Order 23 issued? So the particular form that was in place at this sentencing was issued in 2016. Probation informs us that there was actually a search condition that was designated standard at some point in 2009, and we know for a fact that it was in there in 2011. So it's been at least seven years by the time of the sentencing in this case. And now it's gone, though, right? Yes, Your Honor. And that's because this Court issued a series of... I should say rejected a series of Anders briefs on this issue about a year ago now. And, you know, there's litigation risk. That's not necessarily a recognition that there was a problem. It's certainly not a recognition that there was plain error. And, again, plain error requires that it be contrary to law, and the defense's argument on that, as far as I can tell, is that the guidelines have the sum total standard conditions, but that's contrary to this Court's precedent, which has recognized, for example, that a requirement that the defendant report to probation within 72 hours is functionally standard and may be imposed without oral pronouncement. And do you think that this condition is functionally analogous to the other conditions that we describe as standard conditions? This feels very substantive and somewhat intrusive with constitutional implications, but it seems very different from keep your probation officer notified of your whereabouts. So, Your Honor, we actually don't agree that there's constitutional implications because under the special needs doctrine, the Supreme Court and this Court have both allowed for reasonable suspicion conditions. And I want to be very clear. The Supreme Court has allowed for reasonable suspicion conditions. Yeah. I didn't say it was unconstitutional. Okay. Just to be clear. But it also, the Supreme Court has specifically considered State statutes that impose it broadly across an entire population of supervisees. And I think that that is what differentiates this case, for example, from Olivares, where there was no suspicion condition. But it's also what differentiates this case from substantive conditions, which tell the defendant that he must or may not do something. This is a search condition, and it's just part of what it means to be under supervision. So, in that respect, yes, Your Honor, we do think so. Certainly, we don't think it's a manifest injustice to think that it was. And is anything – I mean, I'm just trying to figure out what the limits are in this principle. Could the Northern District decide that we think that any person who's been convicted of any crime related to drugs must standardly go through an inpatient drug treatment program without any individualized assessment about whether they have substance abuse disorder or issues that would require that? No, they could not, Your Honor. And the reason is because it would require the defendant to do something different in his life. And that is another burden added. Here it is requiring the defendant to be searched. That is just part of what the probation office needs to do to ensure compliance with the other conditions and to ensure compliance with the law while someone is out on supervised release. That all said, Your Honor, again, I think that the fact that this is under plain error, the fact that the defendant would need to show all four prongs and has not attempted to meet the showing, certainly on prongs three and four, I would argue on prong two as well, means that if this Court agrees that the standard is plain error, it should affirm because those arguments have now been abandoned. I'm happy to take any other questions on the General Order 23 issue. Otherwise, I do want to briefly address the special conditions. I just want to very specifically say that the special conditions, there was waiver of oral pronouncement of the special conditions. Counsel waived that. Counsel may waive it on behalf of the defendant. And so as a matter of fact, I'm curious, this question of whether counsel can waive the reading of the oral condition, I mean the special conditions, do we have a case that says that? Not directly, Your Honor. But in United States v. Salim, this Court said that counsel could waive the defendant's presencing and sentence in its entirety. It's hard to understand why that would be allowed. And yet oral pronouncement of conditions, which the defendant had reviewed with counsel, could not be waived by counsel. Although I'm always trying to figure out, because wasn't Salim, wasn't that the video? Yes, Your Honor. So I'm just trying to figure out, I mean, I understand that conceptually that was the framework that that was decided under, but it feels like a different, there might be a substantive difference between waiving your ability to hear what the court is saying through a video camera versus hearing it in person versus not hearing it at all. I do think it's different, Your Honor. I don't necessarily think it's a substantive difference. I think the big question has been, does it affect the defendant's ability to help control the course of the proceedings against him? Where there is notice of what the conditions are, and there was here the special conditions, where there's notice of the special conditions, where they've been reviewed with counsel, there's no difference between the court saying, I'm going to adopt the special conditions you reviewed with counsel, and I'm now going to read into the record the special conditions you reviewed with counsel. Because the defendant has had a chance to consider them, has had a chance to raise objections, and again, had another chance at the hearing to raise objections, not just through counsel, but himself. And ultimately, that doesn't change his ability to control the course of the  So in that way, it's the same as saying, you're not in the same room, you're on video. It's not changing his ability to control the course of the proceedings. I'd be happy to take any questions on that or on the explanation issue. Then we urge you to affirm. Thank you, Your Honors. Thank you. Mr. Gutmann. Well, first, I'd just say, with regard to the other prongs of plain error, if the court determines that that is the standard, we continue to believe it shouldn't be. But clearly, being subjected to a warrantless search of your personal items does affect the defendant's substantial rights, and the failure to provide a reason and an explanation on the record affects the integrity of the proceeding. I'm sorry. It does require reasonable suspicion. And the cases do say that probationers have a lower expectation. How do you respond to those arguments? Well, on one level, it's not clear who determines. I mean, it's the probation officer's own analysis of what constitutes reasonable suspicion. So it's problematic in that respect. But nonetheless, and again, I would go back to the Moore showcase, I think a search condition implicates constitutional liberty, and it is an intrusion, and it's diminishing the expectation of privacy that any other citizen of the United States or any other person has against an unreasonable search or seizure, which requires a warrant. So I do think it's a legitimate interest. I just wonder if I have one point that I also wanted to make is that the conditions, the court is supposed to make sure the conditions are consistent with the guidelines policy statements. In the guidelines, there is a recommendation for a condition like this only with respect to sex offenders. So essentially what the Northern District is saying, and in the case of a sex offender, it's still optional. It's not required. It's something that the court can consider. So basically the Northern District is saying a condition which is optional in a certain category of cases, we're going to make mandatory in every case. It does contradict the policy of the guidelines. Okay. Thank you very much. In any event, can we wait for these predecessor cases or at least one to be decided before we turn to this? Well, I'm hoping you're persuaded by my argument, but obviously I understand. I wouldn't object to it. I don't say obviously, but that's okay. We can do that if we decide to do that. It's nothing unconstitutional. Yes. I respect the court, you know, the institutional reason. I just want to know what we can do. Yes. Thank you. To be honest, I don't think it ‑‑ I don't feel prejudiced by having it considered in conjunction with other cases. He has a 17-month sentence, right? So he's going to be in for a while. Right. Yeah. So we're not extremely anxious for a quick decision. Hopefully not. If not us, hopefully it doesn't take someone else 17 months to decide. We'll trade the right decision for a quick decision. Thank you, Mr. Komen. We'll take it under advisement. Appreciate it both of you.